**Hong MAI, Plaintiff–Appellant,**

v.

**John DOE, Commission of New York City Transit Authority, Defendant–Appellee.**

**Docket No. 00–9176.**

United States Court of Appeals, Second Circuit.

June 13, 2001.

Hong Mai, Richmond Hill, NY, pro se.

Daniel Topper, Assistant General Counsel for New York City Transit Authority, for defendant-appellee.

Present WINTER, CALABRESI, and POOLER, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Hong Mai brought this action *pro se* in the United States District Court for the Eastern District of New York (Ross, *Judge*). Mai challenges the New York City Transit Authority's (the "Transit Authority") denial of her application for a reduced fare. The district court dismissed for lack of subject matter jurisdiction. The court held that Mai failed to plead diversity jurisdiction, that the sections of the Social Security Act that she cited pertain only to challenges to decisions of the Commissioner of Social Security, and that no other basis for federal jurisdiction was apparent. Because Mai failed to specify any federal right that had been abridged by the Transit Authority's conduct, the court declined to construe the complaint as alleging a violation of 42 U.S.C. § 1983. In this regard, the court noted that eligibility for Social Security benefits does not, without more, give rise to a federal right to reduced public transportation fares. *See Marsh v. Skinner,* 922 F.2d 112, 116 (2d Cir.1990) (holding that qualification for reduced fare under Urban Mass Transportation Act of 1964, 49 U.S.C.App. § 1601 *et seq.* requires a transportation-related disability).

For substantially the reasons given by the district court, we AFFIRM.